# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **JAYNE JEFFRIES,** | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) Removed from the Circuit Court of St. Louis County, Missouri |
| **BIMBO BAKERIES USA, INC.,** | ) Case No.: 20SL-CC06027 |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Bimbo Bakeries, USA appears in the above-captioned action for purposes of removing to the United States District Court for the Eastern District of Missouri the action styled *Jayne Jeffries v. Bimbo Bakeries U.S.A., Inc.,* Case No. 20SL-CC06027, currently pending in the Circuit Court of St. Louis County, Missouri. Defendant removes this case, on the ground of federal question jurisdiction and diversity jurisdiction. In support of its Notice of Removal, Defendant states as follows:

1. On December 14, 2020, Plaintiff Jayne Jeffries commenced the above-captioned action in the Circuit Court of St. Louis County, Missouri by filing her Petition for Damages ("Petition") in the action styled *Jayne Jeffries v. Bimbo Bakeries USA, Inc.,* Case No. 20SL-CC06027 against Defendant.

2. On December 21, 2020, Plaintiff served Defendant with a summons and a copy of the Petition.

3. Accordingly, Defendant is timely filing this Notice of Removal within 30 days after service of process, as required by 28 U.S.C. § 1446(b).

4. The Circuit Court of St. Louis County, Missouri is located within the United States District Court for the Eastern District of Missouri. 28 U.S.C. § 105. Therefore, venue is proper in

this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### I. Federal Question and Supplemental Jurisdiction

5. This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6. Plaintiff's Petition for Damages alleges that Defendant intentionally discriminated against Plaintiff based on her gender in violation of Title VII of the Civil Rights Act ("Title VII") 42 U.S.C. § 2000e and the Missouri Human Rights Act ("MHRA") Mo. Rev. Stat. § 213, *et seq*. *See* Pet. at ¶¶ 24-58.

7. By asserting claims under federal law, *i.e.*, Title VII, Plaintiff's Petition asserts a federal question under 28 U.S.C. §1331. Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

8. This Court has supplemental jurisdiction over Plaintiff's state law claim for gender discrimination under the MHRA. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal cause(s) of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

9. Here, Plaintiff's state law claim for gender discrimination is based on the same set of facts supporting her Title VII gender discrimination claim and both claims allege unlawful gender discrimination during Plaintiff's employment with Defendant. As such, both claims arise out of a common nucleus of operative facts: Plaintiff's employment with Defendant. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claim. Plaintiff's state law claim neither raises novel or complex issues of state law nor predominates over the claim over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Thus, removal is proper under 28 U.S.C. § 1441(c).

## II. Diversity Jurisdiction

10. In addition to Federal Question and Supplemental Jurisdiction, the United States District Court for the Eastern District of Missouri has diversity jurisdiction over this case under 28 U.S.C. § 1332, which requires the parties to be citizens of different states and the amount in controversy to exceed $75,000. *See* 28 U.S.C. § 1332(a)(1).

### A. Citizenship of the Parties

11. Upon information and belief, Plaintiff Jayne Jeffries is a citizen of Missouri. *See* Petition ¶ 3.

12. Pursuant to 28 U.S.C. § 1332(c), a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S.

3

77 (2010).  The Court held that the "principal place of business [as set forth in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Id*. at 92-93.  The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination."  *Id*. at 93.

13. Defendant, at the time this action was commenced, was and still is a corporation organized under the laws of the State of Delaware.

14. Defendant maintains its corporate headquarters and principal place of business in Horsham, Pennsylvania, which also serves as the location where Defendant performs the vast majority of its executive and administrative functions.

15. Based on the foregoing, Defendant is not a citizen of the State of Missouri. Therefore, complete diversity exists among and between Plaintiff and Defendant.

### B. *Amount in Controversy*

16. The standard for determining whether a plaintiff's claim meets the amount in controversy is "whether a fact finder might *legally conclude*" that the plaintiff's damages are greater than $75,000.  *See Muhammad v. Public Storage*, No. 14-0246-CV-W-ODS, 2014 WL 2615736, *1 (W.D. Mo. June 12, 2014) (internal citations omitted).  Courts consider compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000.  *See Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992).

17. Plaintiff's prayers for relief state, in relevant part: "…that a Judgment be entered ordering Defendant to make Plaintiff whole for the loss of income she has suffered as a result of the unlawful acts of harassment and discrimination, including back pay from the time of the unlawful harassment and discrimination with interest thereon and fringe benefits, reinstatement

and/or front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss of quality of life, and pain and suffering, punitive damages in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $25,000.00". *See Petition, Prayers for Relief, pp. 6-8.*

18. Plaintiff's base salary at the time of her separation from Defendant in February 2020 was $76,500. As such, Plaintiff's lost salary, alone, at the time of this filing almost exceeds the $75,000 threshold. *See Declaration of Melissa Combes*, Exhibit A, ¶ 4.

19. Moreover, recovery of punitive damages even in a modest amount (e.g., three times the alleged actual damages of "in excess of $25,000.00") would surpass the jurisdictional threshold for removal. Additionally, Plaintiff seeks recovery of costs and attorney's fees. Courts consider punitive damages and attorneys' fees in determining whether the amount in controversy exceeds $75,000. *See Allison v. Sec. Ben. Life Ins. Co.,* 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

20. If Plaintiff is successful, there is a reasonable probability that Plaintiff's damages would exceed $75,000, based upon awards in employment lawsuits. *See, e.g. Eickhoff v. Union Pac.*, No. 0816-CV-20813 (Mo. Cir. Ct. Jackson Cnty., 2009) (the jury awarded plaintiff $120,000 in compensatory damages and $1.27 million in punitive damages); *Cato v. Missouri Highway & Transp. Comm'n*, No. 0916-CV30758 (Mo. Cir. Ct. Jackson Cnty., 2011) (the jury awarded plaintiff $75,000 in actual damages, $50,000 in punitive damages, and $187,791.50 in attorneys' fees); *Alhalabi v. Mo. Dep't of Natural Res.*, No. 2106CC-0189 (Mo. Cir. Ct. St. Louis Cnty., 2008) (the jury awarded plaintiff $187,000 in actual damages, $150,000 in punitive damages, and the court awarded $474,949 in attorneys' fees).

5

21. Thus, the amount in controversy as pled exceeds the statutory requirement for diversity jurisdiction of $75,000.

## CONCLUSION

22. In accordance with 28 U.S.C. § 1466, copies of this Notice of Removal will be promptly served upon counsel for all adverse parties and filed with the Clerk of the Circuit Court of St. Louis County, Missouri. A copy of Defendant's court file is attached hereto as **Exhibit B**.

23. By removing this matter, Defendant does not waive or intend to waive any defense, including but not limited to insufficiency of process and insufficiency of service of process, or failure to state various claims.

WHEREFORE, Defendant respectfully requests this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the Circuit Court of St. Louis County, Missouri to the United States District Court for the Eastern District of Missouri.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*/s/ Kerri S. Reisdorff*
Kerri S. Reisdorff, MO #54123
4520 Main Street, Suite 400
Kansas City, MO 64111
Telephone: 816-471-1301
Facsimile: 816-471-1303
kerri.reisdorff@ogletree.com

Thomas R. Chibnall, MO #67994
7700 Bonhomme, Suite 650
St. Louis, MO 63105
314-898-4074 (phone)
314-802-3936 (facsimile)
thomas.chibnall@ogletree.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 15th day of January 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and a copy of same was mailed to the following:

Kevin J. Kasper
Ryan P. Schellert
Kasper Law Firm
3930 Old Highway 94 South, Ste. 108
St. Charles, MO  63304
636.922.7100
866.303.2874  (Facsimile)
KevinKasper@KasperLawFirm.net
RyanSchellert@KasperLawFirm.net

**ATTORNEYS FOR PLAINTIFF**

/s/ Kerri S. Reisdorff
**ATTORNEY FOR DEFENDANT**

45637882.1