# EXHIBIT B

**IN THE CIRCUIT COURT OF SAINT LOUIS COUNTY, MISSOURI**
**CIRCUIT JUDGE DIVISION**

| | |
|---|---|
| JAYNE JEFFRIES, ) | |
| ) | |
| Plaintiff, ) | Cause No.: |
| vs. ) | |
| ) | Division: |
| BIMBO BAKERIES USA, INC., ) | |
| Serve: ) | |
| CSC Lawyers Incorporating Service Company ) | |
| 221 Bolivar. St ) | |
| Jefferson City ) | |
| Missouri, 65101 ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S PETITION FOR VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT, AND TITLE VII OF THE CIVIL RIGHTS ACT,**

COMES NOW, Plaintiff Jayne Jeffries, by and through her attorneys, and for her Petition for Violations of the Missouri Human Rights Act, and 42 U.S.C. § 2000e, et seq., of Title VII of the Civil Rights Act of 1964, as amended against Defendant Bimbo Bakeries USA, Inc., states:

**JURISDICTION AND PARTIES**

1. Venue is proper pursuant to §508.010 and §213.111 RSMo because a substantial part of the events giving rise to this cause of action occurred in Saint Louis County, Missouri.

2. Jurisdiction is proper pursuant to the Missouri Human Rights Act, § 213.010 RSMo., et seq. (MHRA) and §536.140 RSMo.

3. Plaintiff, Jayne Jeffries is an individual who is and was always herein after mentioned, a resident of the State of Missouri.

4. Defendant Bimbo Bakeries USA, Inc. (hereinafter "Bimbo Bakeries") is a corporation licensed to do business in the State of Missouri.

1

## FACTS COMMON TO ALL COUNTS

5. Plaintiff worked for Bimbo Bakeries USA since October 2017 in the position of Market Sales Leader.

6. Plaintiff supervised approximately 10 sales associates and independent business partners.

7. Peter Howlan became Plaintiff's supervisor in October 2018.

8. Mr. Howlan allowed an environment hostile towards women.

9. There were approximately 15 Market Sales Leaders under Mr. Howlan, only 2 of which were female.

10. The other female Market Sales Leader was named Natalie Mundell.

11. There are approximately 120 Market Sales Leaders in the Central South region, and there were only approximately ten female Market Sales Leaders in the region.

12. There are five regional sales managers none of which are women.

13. Peter Howlan went drinking with male employees of Bimbo and promised Plaintiff's position and Mundell's position to two of the male workers, Mike Junge and Jackson Cauldron.

14. Natalie was terminated in late 2019 and Mike Junge was moved into her position.

15. Peter Howlan placed Plaintiff on a performance improvement plan in December 2019.

16. Peter Howlan alleged that Plaintiff's metrics were not meeting goals, however, Plaintiff's metrics were on par with other Market Sales Leaders if not superior to others.

17. Upon Plaintiff's reason and belief no male employees were placed on PIPs.

18. Peter Howlan text Plaintiff on February 12, 2020 and told Plaintiff to meet him in the Maryland Heights, Missouri office in the morning.

19. Plaintiff went to the office on February 13, 2020 and was terminated by Peter Howlan and a representative from human resources.

20. Plaintiff's numbers were better than the majority of the Market Sales Leaders under Peter Howlan and in the Central South Region when Plaintiff was terminated.

21. Bimbo Bakeries engages in a pattern and practice of failing to hire and promote women into managerial positions, and of terminating and otherwise discriminating against women who work for the company.

22. Bimbo Bakeries has knowingly and intentionally discriminated against Plaintiff, and other women because of their gender resulting in both disparate treatment and disparate impact.

23. Plaintiff will incur costs and attorney's fees in prosecuting this action against the Defendant.

**COUNT I – VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT**

24. Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of her Petition.

25. This count is brought pursuant to the Missouri Human Rights Act (MHRA), Chapter 213 of the Missouri Revised Statutes.

26. At all relevant times herein, the Defendant Bimbo Bakeries was an employer as defined by the MHRA.

27. Plaintiff is a member of the class of people intended to be protected by the Missouri Human Rights Act, including, section 213.010, *et seq.*

28. Plaintiff is a female.

29. Bimbo Bakeries harassed and discriminated against Plaintiff because of her gender including, but not limited to:

   a. Failing to promote plaintiff to the position of regional sales manager;

   b. Not socializing with plaintiff;

   c. Promising her position to male employees;

   d. Placing plaintiff on a performance improvement plan;

   e. Terminating plaintiff.

30. Bimbo Bakeries subjected Plaintiff to a hostile work environment due to her gender.

31. Plaintiff was subject to unwelcome harassment and discrimination by the Defendant and its agents and employees.

32. During Plaintiff's term of employment, she was harassed and discriminated against in that she was subjected to hostile, offensive, abusive and unwelcome conduct, and statements.

33. The harassment Bimbo Bakeries subjected Plaintiff to was based on her gender.

34. Defendant established and permitted an environment very hostile to female workers and made it very difficult for the Plaintiff to perform her job duties.

35. The harassment and discrimination of the Plaintiff affected a term, condition, or privilege of her employment.

36. Defendant was aware of the harassment and discrimination inflicted on the Plaintiff.

37. The harassment and discrimination Plaintiff was subjected to was frequent and continuing in nature.

38. Defendants took discriminatory and harassing actions towards the Plaintiff regarding her job duties and by treating male employees more favorable.

39. The discriminatory and harassing actions of Plaintiff's coworkers, managers and supervisors were sufficiently severe and/or pervasive that a reasonable person would find Plaintiff's work environment to be hostile, offensive and/or abusive.

40. Plaintiff found her work environment to be hostile, offensive and/or abusive.

41. Defendant did not exercise reasonable care to prevent and promptly correct any harassing and discriminatory behavior by its employees.

42. Defendant failed to provide the Plaintiff any preventive or corrective opportunities.

43. Plaintiff was harassed, discriminated against, and terminated by the Defendant because of her gender.

44. Defendant limited, segregated, or classified Plaintiff in a way which would deprive or tend to deprive her of employment opportunities or otherwise adversely affect her status as an employee, because of her gender.

45. Defendant harassed, discharged, and discriminated against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment, because of her gender.

46. Defendant harassed and discriminated against Plaintiff because she opposed practices prohibited by Chapter 213 R.S.Mo. and/or because she filed a complaint, testified,

5

assisted, or participated in investigations, proceedings or hearings conducted pursuant to Chapter 213 R.S.Mo.

47. Defendant Bimbo Bakeries, by its actions and failures to act, including but not limited to those described above, has consistently harassed and discriminated against their employees on account of their gender on a continuing basis, as an act or part of a pattern or practice of discrimination by the Defendant, as it relates to employment.

48. Plaintiff's gender was a motivating factor in Defendant's harassment and discrimination against her.

49. Plaintiff has suffered financial loss, incurred attorney fees and costs, decreased business opportunities, emotional pain, suffering, inconvenience, loss of enjoyment of life because of the actions of the Defendant Bimbo Bakeries.

50. The Defendant's articulated reasons for its actions were pretexts for unlawful actions.

51. The Defendant's conduct was outrageous because of the Defendant's evil motive or reckless indifference to the Plaintiff's rights.

52. Defendant's actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

**WHEREFORE**, the Plaintiff Jayne Jeffries prays this court after a trial, for which a jury is hereby demanded, to find that the Defendant Bimbo Bakeries USA, Inc. has violated the rights of the Plaintiff as set forth above; that a Judgment be entered ordering Defendants to make Plaintiff whole for the loss of income she has suffered as a result of the unlawful acts of harassment and discrimination, including back pay from the time of the unlawful harassment and

6

discrimination with interest thereon and fringe benefits, reinstatement and/or front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, punitive damages in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $25,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; for interest on all amounts awarded, Grant such additional and affirmative relief as the Court may deem just and proper.

## **COUNT II– VIOLATIONS UNDER TITLE VII OF 42 U.S.C SECTION 2000E OF THE CIVIL RIGHTS ACT OF 1964**

53. Plaintiff restates and reallege the foregoing paragraphs as though set forth fully herein.

54. Bimbo Bakeries is an employer as defined by 42 U.S.C. § 2000e.

55. Defendant intentionally engaged in unlawful employment practices in violation of 42 U.S.C. § 2000e, *et seq.*, of Title VII of the Civil Rights Act of 1964, as amended, by practices including but not limited to the following:

   a. Failing to promote plaintiff to the position of regional sales manager;
   b. Not socializing with plaintiff;
   c. Promising her position to male employees;
   d. Placing plaintiff on a performance improvement plan;
   e. Terminating plaintiff.

56. The actions of Defendants were motivated by plaintiff's sex.

57. As a direct and proximate result of these unlawful employment practices, plaintiff have suffered losses of wages, benefits, experience, and career advancement and have suffered mental anguish and humiliation.

58. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to reinstatement, lost wages, and benefits in accordance with the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(g).

**WHEREFORE**, the Plaintiff Jayne Jeffries prays this court after a trial, for which a jury is hereby demanded, to find that the Defendant Bimbo Bakeries USA, Inc. has violated the rights of the Plaintiff as set forth above; that a Judgment be entered ordering Defendants to make Plaintiff whole for the loss of income she has suffered as a result of the unlawful acts of harassment and discrimination, including back pay from the time of the unlawful harassment and discrimination with interest thereon and fringe benefits, reinstatement and/or front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, punitive damages in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $25,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; for interest on all amounts awarded, Grant such additional and affirmative relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff, through counsel, respectfully requests a trial by jury on all issues.

Respectfully submitted,

**KASPER LAW FIRM, LLC**

By: */s/ Kevin J. Kasper*
Kevin J. Kasper, #52171
Ryan P. Schellert, #56710
3930 Old Hwy 94 South - Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: KevinKasper@KasperLawFirm.net
Email: RyanSchellert@KasperLawFirm.net

*ATTORNEYS FOR PLAINTIFF*



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DEAN PAUL WALDEMER | Case Number: 20SL-CC06027 |
|---|---|
| Plaintiff/Petitioner:<br>JAYNE J JEFFRIES | Plaintiff's/Petitioner's Attorney/Address<br>KEVIN J KASPER<br>3930 OLD HIGHWAY 94 SOUTH<br>SUITE 105<br>ST. CHARLES, MO 63304 |
| vs. | |
| Defendant/Respondent:<br>BIMBO BAKERIES USA, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** BIMBO BAKERIES USA, INC.
    **Alias:**
CSC LAWYERS INCORPORATING SERV
221 BOLIVAR. ST
JEFFERSON CITY, MO  65101



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

**15-DEC-2020**
Date                                                                                              _____
                                                                                                                    Clerk

**Further Information:**
AW

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).
_____           _____
    Printed Name of Sheriff or Server                          Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
*(Seal)*
My commission expires: _____        _____
                                                    Date                                        Notary Public

**Sheriff's Fees, if applicable**
Summons                                  $_____
Non Est                                  $_____
Sheriff's Deputy Salary
Supplemental Surcharge       $_____10.00_____
Mileage                                   $_____ (_____ miles @ $._____ per mile)
**Total**                                  $_____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: **Document ID# 20-SMCC-11111**     2     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Sheriff's Fees, if applicable**

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73